IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:00CV249

| | | |
|---|---|---|
| WEAVER, BENNETT & BLAND, P.A., | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | **O R D E R** |
| SPEEDY BUCKS, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on the Plaintiff's motion for an additional award of attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1. The motion is opposed by the Defendants.

## I. PROCEDURAL HISTORY

This litigation, which is now in its seventh year, began in November 2000 when the Plaintiff filed a complaint pursuant to diversity jurisdiction alleging state law causes of action based on tortious interference with contract, fraud, and unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1. In April 2001, the Defendants' motion to dismiss the

action was denied.  The parties engaged in contentious discovery throughout the remainder of 2001 and into March 2002.  In late April 2002, the undersigned granted the Defendants' motion for summary judgment as to the fraud claim but denied the motion as to the other two claims.

The case was tried to a jury verdict in May 2002.  The jury found that Defendants Resolution Settlement Corporation (Resolution), John Janis, Bruce Benson, Chad Russell, John Johanson and Perry Walton tortiously interfered with a contract and awarded the Plaintiff the sum of $50,000 in damages.  The jury also found that the same Defendants engaged in specified unfair and deceptive trade practices and awarded the Plaintiff the sum of $100,000 in damages.

On July 26, 2002, the undersigned entered judgment for the Plaintiff as follows: (1) the claims against the Defendants Speedy Bucks, Inc., Future Settlement Funding Corp., and Michael Graves were dismissed with prejudice since the jury found in their favor; (2) damages in the amount of $50,000 against Defendants Resolution, John Janis, Bruce Benson, Chad Russell, John Johanson and Perry Walton for tortious interference with contract; (3) trebled damages in the amount of $300,000 against those Defendants; (4) attorneys' fees in the amount of $171,225.00 against those

3

Defendants; and (5) costs were awarded to the Plaintiff.  On August 5, 2002, the Clerk of Court taxed costs against the same Defendants in the amount of $6,497.45.  Those costs were reduced by the undersigned to the sum of $6,054.95 on August 29, 2002.

Defendants Resolution, John Janis, Bruce Benson, Chad Russell, John Johanson and Perry Walton filed notice of appeal on September 24, 2002.  The case remained at the Fourth Circuit Court of Appeals until April 21, 2006, when the Circuit entered the following order:

> The Appellees [Plaintiffs] have filed a motion to dismiss this appeal, claiming accord and satisfaction of the underlying judgment.  Because resolution of the motion and Appellants' [Defendants'] response requires factfinding outside the record on appeal, we remand the case to the district court for the limited purpose of making findings of fact and conclusions of law on the issue of whether the parties entered into a binding agreement to dismiss this appeal upon payment of the judgment at issue.  Upon conclusion of the proceedings, the record as supplemented will then be returned to this court for further consideration.

**Fourth Circuit Court of Appeals Order, filed April 21, 2006.**  On August 7, 2006, the undersigned conducted a hearing concerning the issues raised by the Fourth Circuit.  On September 13, 2006, the undersigned found by Memorandum of Opinion that there was a binding agreement to

dismiss the appeal pending in the Fourth Circuit upon payment of the judgment at issue. The case was returned to the Fourth Circuit.

On April 6, 2007, the Fourth Circuit granted the Appellee/Plaintiff's motion to dismiss the appeal. On May 11, 2007, the Plaintiff moved for an additional award of attorneys' fees and a hearing on the issue. The Defendants have now responded.

## II. DISCUSSION

The issue is discrete: is the Plaintiff entitled to an award of attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1 in connection with the initial appeal and the proceedings in this Court upon remand by the Circuit.

The prevailing party in an unfair and deceptive trade practice action may receive an award of attorneys' fees in connection with the prosecution of an appeal. ***Gray v. N.C. Ins. Underwriting Ass'n*, 352 N.C. 61, 529 S.E.2d 676 (2000); *Custom Molders, Inc. v. American Yard Prod., Inc.*, 342 N.C. 133, 463 S.E.2d 199 (1995); *Cotton v. Stanley*, 94 N.C. App. 367, 370, 380 S.E.2d 419, 422 (1989).** Thus, to the extent that the Plaintiff in this action defended its judgment on direct appeal, an additional award would be appropriate.

However, whether the Plaintiff is entitled to an additional award in connection with the enforcement of a settlement agreement is not so clear. The Defendants argue that the accord and satisfaction reached between the parties preclude additional attorneys' fees because as part of the settlement, the Plaintiff also relinquished any further attorneys' fees. Plaintiff argues it was forced to litigate the issue of whether dismissal of the appeal was part of the accord and satisfaction, thus, they are entitled to an award of attorneys' fees.

Findings made by the undersigned in the September 13, 2006, Memorandum of Opinion are crucial.

> The language of the January 14, 2005, letter drafted by Defendant Benson and sent to David Bland, which letter referred to "extinguishing" the judgment and releasing all Defendants "with prejudice" upon payment of the funds . . . is indicative of parties terminating their entire dispute rather than parties merely making temporary arrangements in regard to collection efforts.
> . . .
> The July 7, 2005, letter to David Bland from Defendant Benson's Nevada attorney, Ronald Serota, which letter demanded the removal of Plaintiff's lien on Benson's home as a result of the "accord and satisfaction" reached between the parties and "our understanding that this agreement releases such parties from *any further financial obligation*.". . . Further, the reference to a release from "*any* further financial obligation" is consistent with the settlement of the entire dispute between the parties rather than an agreement merely effecting collection efforts pending an appellate ruling which, if favorable to

> Plaintiff, would leave substantial further financial obligations for Benson and the other Defendants[.]
>
> . . .
>
> [Resolution's] compromise with Plaintiff of the entire judgment and the payment in full thereof both (1) releases all of the other Defendants from liability to Plaintiff and (2) moots the appeal for *all* Defendants.

**Memorandum of Opinion, filed September 13, 2006, at 20-21, 23.**

The undersigned thus found that the parties entered into a separate agreement settling the entire dispute. In that agreement, which was entered into while the case was on appeal, the parties agreed that all claims against the Defendants would be extinguished *with prejudice* upon payment of the sum assigned to the Plaintiff. That sum was paid; the claims against the Defendants were extinguished, and the Defendants were released from all claims, including any claim for attorneys' fees. Once the judgment was satisfied, all other claims, including claims for attorneys' fees, were extinguished.

The Plaintiff contended that as part of this agreement, the appeal was to have been dismissed. The Defendants contended otherwise. But, the issue of whether the appeal was to have been dismissed was part of a separate settlement to effect payment of the judgment, not the underlying action brought pursuant to N.C. Gen. Stat. § 75-1.1. And, once the

judgment was paid, the Defendants were released from any further liability, including additional counsel fees.

Moreover, even if the statute applied, the Court would decline to exercise its discretion to make a further award of attorneys' fees in connection with the settlement reached by the parties to effect payment of the judgment.

> The North Carolina Court of Appeals has recognized that § 75-16.1[ ] "as it now stands, potentially poses a dilemma for plaintiffs who have to choose either to accept the offer of judgment and lose the opportunity to recover attorney's fees, or in the alternative, reject the offer of judgment and have to pay [the] attorney and possibly costs of Defendants' counsel. On the other hand, we also recognize that [the statute] apparently has been designed to award attorney's fees in extreme cases, since even when the statutory requirements are met, an award of attorney's fees is within the trial court's discretion."

***Liera v. Security Credit Sys., Inc.*, 93 F.Supp.2d 674, 681 (W.D.N.C. 2000) (quoting *Evans v. Full Circle Prods., Inc.*, 114 N.C. App. 777, 781-82, 443 S.E.2d 108, 110 (1994)).** As to the issue of dismissing the appeal, the Court finds that the Plaintiff accepted the offer to receive payment of its judgment and thereby lost the right to pursue additional attorneys' fees thereafter. ***Id.*; *Evans*, *supra* ("Where an offer of judgment is accepted by the plaintiff, there is not a 'prevailing party' or a 'losing party.'. . . [W]hen a case is settled, there is no admission**

**or judgment of liability by defendant; we cannot say that an actual violation under N.C. Gen. Stat. § 75-1.1 has occurred.");** *Martin & Loftis Clearing & Grading, Inc. v. Saieed Constr. Sys. Corp.***, 168 N.C. App. 542, 608 S.E.2d 124 (2005).**

As to the amount of attorneys' fees incurred in connection with the direct appeal, "the record must contain findings of fact as to the time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney." *Pierce v. Reichard*, 163 N.C. App. 294, 299, 593 S.E.2d 787, 790 (2004). Counsel have set forth the time expended by attaching copies of their bills. They have also averred as to their experience. However, the Court does not have affidavits from other attorneys which would show that the hourly rates sought are reasonable rates and/or that such a rate would be customary for like work. *Vazquez v. Allstate Ins. Co.*, 137 N.C. App. 741, 529 S.E.2d 480 (2000) (comparable hourly rates for attorneys in the area).

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion for an additional award of attorneys' fees is hereby **GRANTED IN PART AND DENIED IN PART,** and the motion for a hearing is **DENIED** as unnecessary.

**IT IS FURTHER ORDERED** that counsel for the Plaintiff may supplement their request on or before 30 days from entry of this Order.

Signed: August 14, 2007

Lacy H. Thornburg
United States District Judge