IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:00CV249

| | |
|---|---|
| WEAVER, BENNETT & BLAND, P.A., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| Vs. | )   **O R D E R**<br>) |
| SPEEDY BUCKS, INC., *et al.*, | )<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on Plaintiff's Supplemental Motion for Award of Additional Attorney's Fees Pursuant to N.C. Gen. Stat. § 75-16.1, filed pursuant to this Court's previous Order of August 18, 2007, which granted in part and denied in part Plaintiff's original Motion for Additional Attorney's Fees. No response to Plaintiff's supplemental motion was filed by Defendants. Following a careful review by this Court, Plaintiff's supplemental motion is granted in part and denied in part, as explained in further detail below.

Plaintiff's supplemental filing includes Exhibit A, which is an itemization of attorneys' fees and expenses incurred by Sigmon, Clark,

Mackie, Hutton, Hanvey & Ferrell, PA.  **Exhibit A**, **Fee Schedule of Sigmon, Clark, Mackie, Hutton, Hanvey & Ferrell, PA,** *attached to* **Plaintiff's Supplemental Motion for Award of Additional Attorney's Fees Pursuant to N.C. Gen. Stat. § 75-16.1, filed September 13, 2007.**  Plaintiff's motion also requests an award of "all attorney fees incurred by John J. Korzen as previously submitted to this Court [which] were incurred to defend Plaintiff's judgment on direct appeal."  **Plaintiff's Supplemental Motion,** *supra***, ¶ 2.**  The Court believes this is a reference to the affidavit of John J. Korzen, which was filed as an attachment to Plaintiff's original motion for attorneys' fees.  **Affidavit of John J. Korzen,** *attached to* **Plaintiff's Motion for Award of Additional Attorney's Fees Pursuant to N.C.G.S. § 75-16.1, filed April 11, 2007.**

In support of these affidavits for fees and expenses, Plaintiffs attach Exhibit B, the affidavit of Bryce O. Thomas, Jr.  Mr. Thomas has averred that he reviewed Plaintiff's motion for attorneys' fees and, in his opinion, "the time and effort expended by the attorneys and their paralegal was reasonable," the hourly rates "are fair and reasonable under all the circumstances of this case," and "the requested fees are justified."  **Exhibit**

**B, Affidavit of Bryce O. Thomas, Jr.,** *attached to* **Plaintiff's Supplemental Motion,** *supra,* **¶¶ 10, 12, 13.**

In this Court's August 14, 2007, Order, the undersigned stated: "To the extent that the Plaintiff in this action defended its judgment on direct appeal, an additional award [of attorneys' fees and expenses] would be appropriate." **Order filed August 14, 2007, at 4.** The Order further held, however, that "the Court [declines] to exercise its discretion to make a further award of attorneys' fees in connection with the settlement reached by the parties to effect payment of the judgment." *Id.* **at 7.** The Fourth Circuit's order remanding Defendants' direct appeal was issued on April 21, 2006. Accordingly, under the terms of this Court's August 14, 2007, Order, any attorneys' fees and expenses incurred before this date are compensable.[1] Fees and expenses incurred on or after this date are not.

The Court's review of Exhibit A, the affidavit from Sigmon, Clark, Mackie, Hutton, Hanvey & Ferrell, PA, indicates that all fees and expenses listed were incurred before April 21, 2006, except for one entry of $1,750.00 that was incurred on April 24, 2006. **Exhibit A***, supra***, at 4.**

---

[1] After reviewing Mr. Thomas's affidavit, the Court is also satisfied that attorneys' fees and expenses incurred before April 21, 2006, are fair, reasonable, and justified.

The Court finds that an award for all fees and expenses listed in Exhibit A, less $1,750.00, is therefore appropriate. According to the Court's calculation, this amount is equal to $12,043.19.

As to Mr. Korzen's fees, Mr. Korzen's affidavit states: "Since July 21, 2003, I have directly expended 29 hours, 46 minutes in the defense of this appeal, resulting in $5,358.00 in attorney's fees. That amount is in addition to my fees expenses [sic] charged before July 21, 2003, of which I no longer have a detailed record, but which I do know totaled $4,282.03." **Korzen Affidavit,** *supra***, at 2.** As to the $4,282.03 incurred before July 21, 2003, this Court is without discretion to award fees when the movant has offered no specific evidence regarding time and labor expended. ***See, e.g., Polygenex Int'l, Inc. v. Polyzen, Inc.*, 133 N.C. App. 245, 254-55, 515 S.E.2d 457, 463-64 (1999) (vacating award of attorneys' fees in Chapter 75 case because of district court's failure to make necessary findings of fact as to time and labor expended).** Therefore, the Court declines to award fees for Mr. Korzen's work prior to July 21, 2003.

As to the $5,358.00 that Mr. Korzen incurred after July 21, 2003, for which Plaintiff has provided the necessary details regarding expenditures of time and labor, the Court finds that an award for all fees listed in

Korzen's affidavit is appropriate, less those fees incurred on or after April 21, 2006. According to the Court's calculation, this amount is equal to $5,103.00.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Supplemental Motion for an Award of Attorney's Fees Pursuant to N.C.G.S. § 75-16.1 is **GRANTED IN PART AND DENIED IN PART**, and Plaintiff is hereby awarded attorneys' fees and costs in the amount of **SEVENTEEN THOUSAND, ONE HUNDRED FORTY-SIX DOLLARS AND NINETEEN CENTS ($17,146.19).**

Signed: October 15, 2007

Lacy H. Thornburg
United States District Judge